UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN JAMES BOUCHE,

Plaintiff,

v. Case No. 26-cv-984-pp

STELLAR SERVICES, LLC,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE WITHOUT PREJUDICE**

---

Plaintiff Ryan James Bouche, who is incarcerated at the Vilas County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that defendant Stellar Services, LLC overcharged him $86.40 while transferring funds to his telephone account at the jail. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and dismisses the case.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On June 4, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $65.13. Dkt. No. 5. The court received $100 on June 18, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff states that he is suing on behalf of all other similarly situated individuals. Dkt. No. 1 at 1. He alleges that on February 11, 2026, he added $36 to his phone account (Securus) from his jail trust account (Stellar). Id. at 2. On March 4, 2026, the plaintiff allegedly added $44 to his phone account from his jail trust account. Id. The plaintiff states that he then noticed that his trust account was being overcharged, so he checked his last ten transactions and saw that on February 11, 2026, he was charged $38.98 to apply the $36 to the phone account, and on March 4, 2026, he was charged $47.42 to apply the $44 to his phone account. Id.

The plaintiff alleges that there is a $1.00 fee for an incarcerated individual to add funds to his phone account from his trust account. Id. at 2-3. The plaintiff allegedly asked Sergeant Wagner why he was being overcharged to transfer funds, and Wagner responded that other incarcerated persons had complained about the same issue. Id. at 3. The plaintiff states that he filed a complaint about the issue and that Sergeant Meier told him that Stellar Services, LLC (inmate banking) charges a $1.00 transfer fee for an incarcerated person to transfer funds from their trust account to their phone account. Id. Meier allegedly called Stellar, who said that they were not aware of the issue. The plaintiff alleges that Stellar fixed the problem but said that it would not issue refunds because the issue dates back ten years. Id.

The plaintiff seeks injunctive relief, including an audit of Stellar to discover who was affected by this incident and how much money is owed; for Stellar to not charge for money to be placed on the phone account and/or refunded; for incarcerated individuals to receive two, free, twenty-minute calls a week; and for a public apology from Stellar. Id. at 4. The plaintiff also seeks $86.40 compensatory damages and $5,000,000 in punitive damages. Id.

C. Analysis

As an initial matter, the plaintiff may not proceed on behalf of other incarcerated individuals. The plaintiff is unrepresented, which means that he can represent only himself. See Navin v. Park Ridge Sch. Dist. 64, 270 F.3d 1147, 1149 (7th Cir. 2001) (holding that unrepresented litigants may not proceed on behalf of another).

The plaintiff asserts that Stellar unlawfully withdrew $86.40 from his prison trust account when he transferred funds to his phone account and will not pay him back. He alleges that Stellar, which appears to be a private company,[1] performs banking for incarcerated individuals. Even though Stellar is a private company, it may be subject to suit under §1983 based on the plaintiff's allegations that it provides services to incarcerated individuals. See Rodgers v. Genesis Behavioral Serv. – Crossroads, Case No. 22-3010, 2023 WL 7272360, at *2 (7th Cir. Nov. 3, 2023) ("Companies that contract to provide essential government services are subject to at least the same rules that apply to public entities and thus may be liable for constitutional violations under § 1983.") (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) and Glisson v. Ind. Dep't of Corr., 849 F.3d 372, 378-79 (7th Cir. 2017) (*en banc*)).

An individual is entitled to an opportunity for a hearing before the state permanently deprives him of his property. Parratt v. Taylor, 451 U.S. 527, 540 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). But a deprivation of a constitutionally protected property interest caused by random, unauthorized conduct does not give rise to a §1983 procedural due process claim, unless the state fails to provide an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Gable v. City of Chicago, 296 F.3d 531, 540 (7th Cir. 2002). Wisconsin's post-deprivation procedures—the inmate complaint system, *certiorari* review under

[1] Stellar Services is an "inmate commissary and communications company" based in Stoughton, Wisconsin. See stellar-services.net.

state law and tort remedies—are adequate remedies. Rodgers, 2023 WL 7272360, at *1 (citing Hamlin v. Vaudenberg, 95 F.3d 580, 585 (7th Cir. 1996)); see also Wis. Stat. §§893.35; 893.51; 893.52.

The plaintiff has not stated a claim for violation of his constitutional rights, but he may be able to bring a claim under Wisconsin state law. A federal court does not have jurisdiction to decide cases that involve only state-law claims unless a plaintiff can demonstrate that the court has diversity jurisdiction under 28 U.S.C. §1332. Diversity jurisdiction exists when (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. 28 U.S.C. §1332. The plaintiff alleges that he is a citizen of Wisconsin. Stellar, a limited liability company with its principal place of business in Wisconsin, presumably is a citizen of Wisconsin. See 28 U.S.C. §1332(c)(1). The plaintiff alleges that the amount in controversy is $86.40. The court lacks subject-matter jurisdiction over any claim by the plaintiff because the amount in controversy does not exceed $75,000 and the parties both are citizens of Wisconsin. To the extent that the plaintiff claims that he is entitled to punitive damages in excess of $75,000, the complaint's allegations do not rise to the level of outrageous conduct by the defendant. See Gianoli v. Pfleiderer, 209 Wis. 2d 509, 526-28 (Wis. Ct. App. Mar 25, 1997) (citing Brown v. Maxey, 124 Wis. 2d 426, 431 (Wis. 1985)); see also Wangen v. Ford Motor Co., 97 Wis. 2d 260, 275, (Wis. 1980) (outrageous conduct is conduct that is malicious or in willful disregard of the plaintiff's rights).

"The federal courts are courts of limited jurisdiction, and . . . have an obligation at each stage of the proceedings to ensure that [they] have subject matter jurisdiction over the dispute." Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013). If a federal court does not have subject matter jurisdiction, it must dismiss a case. See, *e.g.*, United States v. Furando, 40 F.4th 567, 576 (7th Cir. 2022). See also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court generally will give a litigant at least one chance to amend a complaint before dismissing the complaint with prejudice and entering final judgment, but it need not do so where the amendment would be futile. See Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015).

It would be futile to allow the plaintiff to amend his complaint. The plaintiff is thorough in his allegations and any amendment based on allegations that the defendant overcharged the plaintiff would be futile. The court expresses no opinion regarding whether the plaintiff states a claim under state law. If he does, the court lacks subject-matter jurisdiction over that claim. The court is dismissing the plaintiff's state-law claim without prejudice, which means that he is free to file a lawsuit in state court.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the court lacks subject-matter jurisdiction over the plaintiff's claims. The court will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$250** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Vilas County Sheriff, who oversees the Vilas County Jail, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or

excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 15th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**